COLEMAN *et al. v.* PEOPLE'S BANK OF LUMBERTON *et al.*[*]

(Division B.   April 25, 1927.   Suggestion of Error Overruled May 16, 1927.)

[112 So. 686.   No. 26471.]

INJUNCTION.   *Damages on dissolution of injunction should be assessed on value of property in case value is less than debt (Hemingway's Code, section 383).*

   Under Hemingway's Code, section 383, trial court, on dissolution of injunction, should assess damages on value of property which was less than debt instead of basing assessment on amount of debt.

---

*Corpus Juris-Cyc. References: Injunctions, 32CJ, p. 445, n. 62.

APPEAL from chancery court of Lamar county.

HON. T. P. DALE, Chancellor.

Action between E. F. Coleman and others and the People's Bank of Lumberton and others.   Decree for the latter, and the former appeal.   Affirmed.

PER CURIAM.   Affirmed.

ON SUGGESTION OF ERROR.

*E. F. Coleman,* for appellants.

It is a well-settled proposition of law that where the statutory damages are awarded, this award is in lieu of all damages. *Williams* v. *Bank of Commerce,* 71 Miss. 858, 16 So. 238; *Mortgage & Trust Co.* v. *Fitzpatrick et al.,* 16 So. 877; *Nixon* v. *Seal,* 78 Miss. 363, 29 So. 399; *Smith* v. *Perkins et al.,* 125 Miss. 203, 88 So. 531; section 383, Hemingway's Code (section 623, Code of 1906).

The proposition of law that the damages should be allowed according to the value of the property when the

value is less than the amount of the indebtedness is also sustained by the authorities cited above.

*John A. Yeager* and *L. C. Bridges,* for appellees.

The decree of the chancellor dissolved the temporary injunction and awarded a judgment in favor of appellee of five per cent damages on the amount then found to be owing and thirteen dollars and twenty-five cents printer's fees accrued prior to the issuance of the injunction, aggregating a total of one hundred one dollars and seventy-five cents. It was proper to award judgment for printer's fees which had accrued ·before the filing of the injunction suit. See *Gulfport L. & I. Co,* v. *Augur,* 48 So. 722.

Appellants seem to be confused by the construction given section 383, Hemingway's Code, by this court in *Williams* v. *Bank of Commerce,* 71 Miss. 858. Distinguish between the word "damages" as used in the statute and the meaning of the word "costs" which includes fees of printer and publisher. See section 1894, Hemingway's Code (chapter 305, Laws of 1920).

The chancellor found that the property was burdened with debt exceeding its value already; and for this reason the burden of this judgment was against the appellants and their bondsmen. For what other purpose was the two hundred fifty dollar bond given? And is not the provision made for just such contingency as this by section 383, Hemingway's Code? Our position is sustained by *Courtney Bros.* v. *J. Deer P. Co.,* 84 So. 185; also *Smith* v. *Perkins,* 88 So. 531; and *Bruister* v. *Tansil,* 99 So. 258.

HOLDEN, P. J., delivered the opinion of the court.

We have considered the suggestion of error filed by the appellants, in which it is urged that the five per cent. damages allowed on the dissolution of the injunc-

tion was error because the damages were allowed on a basis of five per cent. of the total amount of the indebtedness, whereas the property involved was less than the amount of the indebtedness, and that, since the court failed to find the value of the property, the damages assessed were erroneous.

We agree with counsel for the appellants that, under section 383, Hemingway's Code, the lower court should have assessed damages upon the value of the property, which was less than the debt, instead of basing the assessment upon the amount of the debt. But, since the filing of the suggestion of error, counsel for the appellee has entered a *remittitur* here for all of the damages assessed on account of the dissolution of the injunction, and this, of course, settles the case in that regard.

Therefore the clerk will enter the *remittitur,* and deduct the decreed amount of damages from the amount of the decree, and shall assess equally the costs of this court against each party. The decree is otherwise affirmed, and the suggestion of error is overruled.

*Suggestion of error overruled.*